UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| DAVID LEE ROBINSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:14 CV 271 |
|  | ) |  |
| MABLE CRISLER, et al. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

David Lee Robinson, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE # 3.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Robinson brings suit against his former landlords, Mable Crisler and her son, Butch Crisler. Robinson alleges that the Crislers rented him a basement apartment and the Crislers have now stolen his personal belongings. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Robinson's section 1983 claim is without merit because the defendants are not state actors that can be sued for constitutional violations. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Accordingly, this claim must be dismissed.

For these reasons, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: September 23, 2014

                                           s/James T. Moody
                                           JUDGE JAMES T. MOODY
                                           UNITED STATES DISTRICT COURT